UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN C. ZYWINSKI,

                      Plaintiff,

v.                                                **DECISION AND ORDER**
                                                        06-CV-604S

KRISTINA D. ALSENAS, and
PAUL A. ALSENAS,

                      Defendants.


1.      On September 8, 2006, Plaintiff, John C. Zywinski, brought a negligence claim in the Western District of New York against Defendants, Kristina D. Alsenas and Paul A. Alsenas, for injuries resulting from a car accident that occurred in Pennsylvania on December 11, 2004. (Complaint (Docket No. 1), ¶¶ 1–10). Plaintiff is a resident of New York. (Complaint, ¶ 1). Defendants are residents of Ohio. (Complaint, ¶¶ 2-3).

2.      On October 16, 2006, Defendants filed a Motion to Dismiss in Lieu of Answer (Docket No. 4) pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendants contend that they are not subject to the personal jurisdiction of this Court. (Defendants' Motion, p. 1).

3.      On November 15, 2006, Plaintiff filed an Answering Affidavit (Docket No. 6) contending that Defendants are subject to personal jurisdiction in New York under the New York Long Arm Statute. N.Y. C.P.L.R. § 302(a). Plaintiff asserts "that the Defendant, upon information and belief, regularly does or solicits business, or engages in other courses of conduct, and/or derived a substantial portion of revenue from the good (sic) used or services rendered in the State of New York." (Plaintiff's Answering Affidavit, ¶ 15).

4.      On a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that a court has personal jurisdiction over the defendant. Robinson v. Overseas Military Sales Corp., 21 F.3d 502,

507 (2d Cir. 1994).  Where a court declines to conduct an evidentiary hearing on such motion, a plaintiff need make only a *prima facie* showing of personal jurisdiction through affidavits and supporting materials.  Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) (citing Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)).  Ultimately, "the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).  Where the issue of personal jurisdiction is resolved on affidavits, the allegations are construed in the light most favorable to plaintiff, and all doubts are resolved in plaintiff's favor.  A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

5.     A plaintiff can make such a prima facie showing through affidavits and supporting materials containing sufficient facts which, if credited, would establish personal jurisdiction over the defendant.  Metro. Life Ins., 84 F.3d at 567.  In determining whether a plaintiff has made this showing, however, a court is not obligated to draw "argumentative inferences" in plaintiff's favor.  Robinson, 21 F.3d at 507 (citing Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).

6.     "Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject of course, to certain constitutional limits of due process."  Robinson, 21 F.3d at 510 (internal citations omitted). To resolve the issue of whether personal jurisdiction over a defendant exists, district courts must apply a two-part analysis.  Bank Brussels, 171 F.3d at 784.  Specifically, the court must first determine whether there is jurisdiction over the defendant under the relevant forum state's laws.  Metro. Life Ins., 84 F.3d at 567.  If personal jurisdiction exists under the forum state's laws, the district court must then determine if the exercise of such

jurisdiction complies with federal due process requirements.  Id.

7.  As such, this Court must first examine if the exercise of jurisdiction over Defendants, both of whom reside in Ohio, is appropriate under New York's long-arm statute.  See e.g., Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997); Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).  New York's long-arm statute, N.Y. C.P.L.R. § 302(a), authorizes the exercise of personal jurisdiction over non-domiciliaries in certain circumstances.  Specifically, a court may exercise personal jurisdiction over any non-domiciliary, who "commits a tortious act [outside] the state causing injury to person or property within the state, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  See N.Y. C.P.L.R. § 302(a)(3).

8.  To determine whether there is injury in New York such that long-arm jurisdiction is appropriate, a court must apply the 'situs-of-injury' test, which asks the court to identify the "'original event which caused the injury.'" Whitaker, 261 F.3d at 209 (citing Bank Brussels, 171 F.3d at 791).  The Second Circuit has consistently held that "[t]he situs of the injury is the location of the *original event that caused the injury*, not where the resultant damages are [subsequently] felt by the plaintiff."  Whitaker, 261 F.3d at 209 (emphasis added) (quoting Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990)); see also Herman v. Sharon Hospital, Inc., 522 N.Y.S.2d 581 (N.Y. App. Div. 1987) (holding in a medical malpractice case that the situs of the injury is the place where a plaintiff received medical treatment, not where the effects of the doctor's negligence are felt.).

9.  Here, the Complaint states that the car accident between Plaintiff and Defendants occurred in Pennsylvania. (Complaint, ¶¶ 7-8).  This Court therefore finds that

based on the location of the injury causing event, the situs-of-injury is Pennsylvania. Plaintiff has failed to allege a New York injury or a "factual predicate sufficient to authorize jurisdiction" over Defendants under N.Y. C.P.L.R. § 302(a). See Whitaker, 261 F.3d at 209. As such, this Court finds that it cannot lawfully exercise personal jurisdiction over the defendants under New York's long-arm statute.

10.     Even assuming that personal jurisdiction was permitted under New York's long-arm statute, "the Due Process Clause limits the exercise of jurisdiction to persons having certain 'minimum contacts' with the forum state." Computer Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 370 (2d Cir. 1997) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) and Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)). Consistent with due process, a court may only exercise personal jurisdiction over a defendant whose "'conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Burger King Corp., 471 U.S. at 474 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980)). Thus, to justify exercise of personal jurisdiction, there must be a requisite showing of "'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Burger King Corp., 471 U.S. at 475 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239- 40, 2 L. Ed. 2d 1283 (1958)). This Court finds that Plaintiff has failed to make this requisite showing.

11.     For the foregoing reasons, this Court finds that Plaintiff has failed to make a *prima facie* showing that this Court has personal jurisdiction over Defendants. Consequently, Plaintiff's Complaint must be dismissed for lack of personal jurisdiction. In so finding, this Court notes that dismissal for lack of personal jurisdiction is not a

decision on the merits.  See Robinson, 21 F.3d at 507 n.4.

    IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 4) is GRANTED.

    FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

    SO ORDERED.

Dated:   June 18, 2007
         Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge